Louis J. WILLIAMS and May Louise Williams, husband and wife, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. No. 5155.

United States District Court
D. Wyoming.

Nov. 25, 1968.

Louis J. and May Louise Williams, pro se, by William E. Barton and Michael J. Sullivan, of Brown, Drew, Apostolos, Barton & Massey, Casper, Wyo., for plaintiffs.

Robert N. Chaffin, U. S. Atty. for District of Wyoming, and Joseph H. Thibodeau, U. S. Department of Justice, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KERR, District Judge.

The above entitled matter having come on regularly for hearing before the Court, and the Court having heard the evidence adduced for and on behalf of the plaintiffs, and the evidence adduced for and on behalf of the defendant, took the matter under advisement; and having considered the pleadings, testimony and exhibits, and having examined the authorities submitted by counsel in support of their theories of the case, and being fully advised in the premises, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. This is an action for the recovery of individual income taxes allegedly erroneously assessed and collected by the United States of America from plaintiffs, in the sum of $5,383.74, together with interest thereon as provided by law.

2. The total amount claimed by taxpayers is comprised of deficiencies in tax of $3,543.86, $1,194.45, and $645.43, attributable to the taxable years 1960, 1961 and 1962, respectively.

3. Taxpayers timely filed their joint United States Individual Income Tax Returns (Forms 1040) for each of the years 1960, 1961 and 1962, claiming on Schedules F thereof the deduction of depreciation and expenditures incurred by them in the trade or business of cattle ranching.

4. The government disallowed the deductions for the respective years as follows: 1960, $6,646.09; 1961, $2,424.-59; and 1962, $1,501.01.

5. Taxpayers timely filed their claims for refund, basing said claims for the allowance of the deductions on Section 162 of the Internal Revenue Code of 1954 (26 U.S.C. § 162), and the applicable regulations thereunder, pertaining to the deductibility of expenditures as ordinarily and necessarily incurred in a trade or business, to-wit, a farming, ranching and livestock business. Allowance of the deductions was claimed on no other basis.

6. The parties have stipulated that all of the expenditures claimed as deductions were incurred in connection with the purchase, renovation and restoration of a house in Oelrichs, South Dakota.

7. Prior to purchasing the property taxpayers determined that they needed an additional source of income, Doctor Williams having learned that his days as a practicing orthodontist might be numbered; he wanted to prepare a place where his wife and family could live and work. Taxpayers determined that the circumstances surrounding the ranching operation in South Dakota, both from the aspect of improving the profitability of the operation and the ease with which the taxpayers could become associated in it, presented an excellent opportunity to

obtain the additional income and security desired.

8. At the time of purchase in April 1960, the house had been vacant for about two years, Burton Bennett, Mrs. Williams' brother and his family having lived in it prior to that time.

9. The house was situated near, but not contiguous to, a 10,000 acre cattle ranch and dry farm operated by Mrs. Williams' mother and Mr. Burton Bennett.

10. In 1960, after the purchase of the house, taxpayers purchased four additional acres of land contiguous to it, and received one other contiguous acre by gift from Mrs. Williams' mother, the total land thereafter owned by taxpayers comprised approximately six acres.

11. Dr. Williams is an orthodontist by profession and has practiced orthodontics continuously since 1950 in Casper, Wyoming, approximately 230 miles from Oelrichs, South Dakota.

12. During the years in suit, Doctor Williams maintained regular office hours in Casper, Wyoming, of 8:00 to 12:00 noon and 1:00 to 4:00, Monday through Friday.

13. The house in Oelrichs, South Dakota, was purchased by taxpayers in anticipation that it would be used as living quarters for a ranch hand and his family. During 1960, however, Dr. Williams spent many weekends in Oelrichs in the house; he spent at least one month there supervising the renovation and restoration of the house, and several times he stayed there for two or three weeks. Mrs. Williams and plaintiffs' two sons spent July, August and September of 1960 in the house. After September 1960, the taxpayers used the house only for weekend visits.

14. Taxpayers did not intend to use the house as their personal residence but they lived in it as aforesaid, as an accommodation to themselves during the renovation and restoration of the house, as they had not hired any employees to conduct any ranching operations. At no time in issue was the house occupied by anyone other than by Dr. Williams and his immediate family.

15. In December 1960, taxpayers decided to sell the house because of the economic factors existing at that particular time, including a drop in the price of cattle and the onset of a drought in South Dakota.

16. In early 1961, the house was put on the market for sale, and thereafter it was occupied only by Dr. Williams for "maintenance" purposes (turning on and off the heat, water, etc.) for a total of about three weeks during 1961 and 1962, and until October 1963, when the house was sold.

17. The house was used as a dwelling by the taxpayers within the meaning of Section 167 of the Internal Revenue Code of 1954 (26 U.S.C. § 167), and the applicable regulations thereunder.

18. The house in Oelrichs, South Dakota, was a capital investment of the taxpayers.

19. The activities of the taxpayers and their expenses incurred were preliminary to the commencement of a ranching business and were prior to the developmental and productive stages of the ranching business.

20. Taxpayers never purchased any cattle nor any farming or ranching supplies, nor any equipment. Their only expenditures were made in connection with the restoration and renovation of the house.

21. Taxpayers' alleged ranching or farming business never got started; it never generated any income. Taxpayers never conducted a trade or business of ranching or farming.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this matter pursuant to Section 1346(a) (1) of 28 United States Code.

2. Taxpayers' claims for the deductions as ordinary and necessary business expenses, are made solely pursuant to Section 162 of the Internal Revenue Code of 1954 (26 U.S.C. § 162).

**354**

■ 3. Plaintiffs allege no other basis in their claims for refund for allowing the deductions, nor in their complaint filed herein, and the Court is at liberty, therefore, to consider no other basis.

■ 4. No trade or business of farming or ranching was conducted by the taxpayers within the meaning of Section 162 of the Internal Revenue Code of 1954 (26 U.S.C. § 162) and of the applicable Treasury Regulations on Income Tax thereunder (26 C.F.R. § 1.-162–12).

5. The deductions which taxpayers claim were incurred in 1960, 1961 and 1962, were not incurred in connection with the business of farming or ranching. Said deductions are, therefore, not allowable as expenses ordinary and necessary to the conduct of a trade or business.

6. Expenses incurred in the conduct of a trade or business which are in the nature of depreciation expenses are governed as to deductibility by Section 167 of the Internal Revenue Code of 1954 (26 U.S.C. § 167), and the applicable Treasury Regulations on Income Tax (26 C.F.R. § 1.167).

■ 7. All expenses for which deduction is claimed were incurred in connection with the restoration and renovation of the house in Oelrichs, South Dakota, which house was, in the years in suit, a "dwelling occupied by the owner" within the meaning of Treasury Regulations on Income tax (26 U.S.C. § 1.-167(a)–6(b)).

8. The deductions claimed by taxpayers, therefore, are not allowable as depreciation expenses.

9. The deductions claimed are not allowable and the determination by the Commissioner of Internal Revenue, made through his duly authorized agent, was proper, must be and hereby is upheld.

10. Plaintiffs failed to prove by a preponderance of the evidence the material allegations of their complaint and judgment will be entered accordingly.